UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON HERNANDEZ,

        Plaintiff,

v.

HEIDI WASHINGTON, JEROME WARFIELD,
BARBARA SAMPSON, LORI GIDLEY, AL
SANGER, and IVAN SCOTT,

        Defendants.
_____/

Case Number 16-10854
Honorable David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR
SUMMARY JUDGMENT, AND DISMISSING CASE**

Plaintiff Aaron Hernandez, a Michigan prisoner, filed a complaint against the defendant prison officials alleging that they classified him as a sex offender without conducting a pre-classification hearing. He contends that this classification is inaccurate and has wrought damaging consequences, including the denial of parole, exclusion from prison programs, and withholding of privileges. The Court referred this case to Magistrate Judge Anthony P. Patti for pretrial management. Thereafter, the defendants filed a motion to dismiss, and the plaintiff filed a motion for a preliminary injunction. Judge Patti filed a report on January 20, 2017 recommending that the defendants' motion be granted and the case be dismissed, and the plaintiff's motion be denied as moot. The plaintiff filed objections on February 27, 2017, which take issue with some of the statements in the report that found fault with the level of specificity of the allegations of misconduct against individual defendants. However, the objections do not address the core deficiencies in the complaint: that the plaintiff has not identified a liberty interest protected by the Due Process Clause, he has made claims against defendants who are protected by various forms of immunity, and he was

afforded adequate due process protection against baseless accusations of sexual misconduct during the sentencing phase of his criminal case. After giving fresh review to the arguments tendered in favor of and against the motion to dismiss, the Court is left with the firm conviction that the magistrate judge decided the case correctly.

I.

The following facts are taken from the complaint and the public records of the Michigan Department of Corrections (MDOC).

Plaintiff Aaron Hernandez presently is in MDOC custody at the Carson City Correctional Facility in Carson City, Michigan. Hernandez was convicted in the Wayne County, Michigan circuit court after pleading guilty to assault and burglary charges. Under the terms of his plea agreement, related charges of first-degree criminal sexual conduct and assault with intent to commit sexual penetration were dismissed. On August 6, 2008, he was sentenced to one to 10 years on the assault count and six to 20 years for burglary.

Hernandez asserts that at his plea hearing he "gave a factual basis for the pleas, but at no time did he ever admit to committing any sexual offense." Compl. ¶ 21. However, the presentence investigation report (PSIR) "included allegations that Plaintiff had engaged in sexual misconduct during the course of his crimes, even though the sexual offenses were dismissed and Plaintiff did not admit to committing any sexual offense." *Id.* ¶ 22. As a result, he says, he "has been directly [or] indirectly classified [and] labeled by the [d]efendants as a 'sex offender' pursuant to MDOC policies, operating procedures, and administrative rules." *Id.* ¶ 23.

Defendant Heidi Washington is the director of MDOC. Defendants Jerome Warfield and Barbara Sampson are members of the Michigan Parole Board. Defendant Lori Gidley is the warden

of the correctional facility where the plaintiff was held when he filed his complaint (the Central Michigan Correctional Facility (CMCF) in St. Louis, Michigan). Defendant Al Sanger is the classification director at the CMCF and is responsible for assigning classifications to all prisoners. Defendant Ivan Scott was the plaintiff's resident unit manager at CMCF.

On September 23, 2013, the Michigan Parole Board ordered a psychological evaluation of the plaintiff "to determine the risk of sexually re-offending." Compl. ¶ 24. The report of that evaluation discussed the plaintiff's "risk of sexually offending recidivism" and concluded that he was a "high risk for sexual re-offense." *Id.* ¶ 25. That assessment was based in part on the plaintiff's refusal during a psychological evaluation interview to confess that he had committed sexual offenses. *Id.* ¶ 26. Defendants Warfield and Sampson relied on that assessment when they decided to deny parole to the plaintiff. *Id.* ¶ 25.

On October 21, 2013, Hernandez was directed by the defendants (although he does not specify by name which ones) to participate in the Sex Offender Program while in prison. Compl. ¶ 27. He refused to participate, and he was voluntarily terminated from the program. On October 8, 2014, a parole guidelines worksheet was prepared by the defendants (again, unnamed) that stated as an aggravating condition his involvement in a "sexual offense or sexually assaultive behavior." *Id.* ¶ 28. On October 31, 2014, defendants Warfield and Sampson issued a decision denying the plaintiff parole, and in their notice of decision they cited as one factor that "psychological programming [had] been recommended or required and [the plaintiff] chose not to be involved." *Id.* ¶ 29.

While he has been in prison, Hernandez has sought access to various programs and privileges, including asking for a gate pass for work details, asking to be allowed to participate in

the prison's dog program, hospice program, and college program, and asking to attend family funerals. Those requests were denied on the basis that the plaintiff was ineligible due to his classification or labeling as a "sex offender." Compl. ¶ 30.

In August 2015, the plaintiff filed a grievance demanding that he be reclassified, and that all references to his "sex offender" status be purged from any MDOC records, and he pursued that grievance through the full series of administrative appeals, but it was denied. *Id.* ¶¶ 32-39.

The complaint sets forth a single count for denial of due process based on the defendants' classification of the plaintiff as a "sex offender" and imposition of the requirement that he participate in sex offender programming as a condition of parole, without holding any hearing before determining his classification or denying him parole. He asks that the Court order the defendants to strike from his prison records all references to his sex offender classification, lift the requirement that he complete sex offender programming as a condition of parole, and hold a new hearing on his parole eligibility. He also seeks the rather modest sum of $10,000 as compensatory damages against the defendants jointly and severally.

II.

The defendants moved to dismiss the complaint, citing Federal Rule of Civil Procedure 12(b)(6). When such a motion is filed, the Court assumes that all of the plaintiff's well-pleaded facts are true, and then determines whether the plaintiff has stated a claim for which relief can be granted. *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). As the magistrate judge acknowledged, when the plaintiff is not a lawyer and represents himself, the Court will be lenient in its assessment of the complaint's adequacy. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But that leniency goes only so

far. The plaintiff cannot be relieved of the obligation to make out a claim that the law recognizes. *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004) ("The leniency granted to *pro se* [litigants] . . . is not boundless.").

### A. The Magistrate Judge's Report

The magistrate judge concluded that all of Hernandez's claims against all of the defendants should be dismissed because (1) Hernandez has no Due Process-protected interest in receiving either a pre-classification hearing before his "classification" as a sex offender, or any due process-guaranteed right to receive parole (or even consideration for parole); (2) all of the defendants are entitled to Eleventh Amendment immunity from all claims against them in their official capacities seeking monetary damages; (3) the claims against defendants Sanger, Scott, Ridley and Washington should be dismissed because Hernandez failed to plead any facts in the complaint to show that they personally were involved in any of the challenged classification proceedings or parole decisions, other than by processing and denying Hernandez's grievances; and (4) defendants Sampson and Warfield have absolute immunity from the claims for monetary relief for any conduct within the scope of their duties as members of the Michigan Parole Board. The magistrate judge also concluded that the defendants all were entitled to qualified immunity, because Hernandez has failed to establish that he had a clearly established constitutional right, in the circumstances of this case, to have a pre-classification hearing before prison officials classified him as a sex offender.

Finally, the magistrate judge concluded that any pre-classification due process concerns that may have been implicated in this case presumably sufficiently were allayed at the sentencing phase of the criminal case by the procedure under Michigan Court Rule 6.425(E)(1)(b), where the defendant is afforded an opportunity to object to anything in the presentence investigation report,

and, if the sentencing court upholds any of his objections, to have those portions of the report excised before transmission to MDOC, *see* Mich. Ct. R. 6.425(E)(2). Hernandez asserts that the prison official defendants relied on the information in the presentence report when making their classifications, without holding any hearing, but he does not allege that he was denied the opportunity to raise objections and have a hearing on the allegedly objectionable conclusions in the report, either at or before his sentencing.

B. Hernandez's Objections

When a party objects to a report and recommendation, the Court will "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the Court to re-examine all of the relevant arguments presented to the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

1. First Objection

Hernandez contends that he adequately has alleged personal involvement by defendant Sanger, because Sanger's job is to assign classifications to all prisoners, and Sanger never offered the plaintiff any hearing before classifying him as a sex offender. However, even if it is fair to infer from those allegations that Sanger must have been the person who assigned the allegedly improper classification, the further allegations in the complaint cannot plausibly support any conclusion that Sanger's conduct resulted in any Due-Process-cognizable injury to the plaintiff's rights.

*First*, the plaintiff has not plausibly alleged that the classification resulted in an injury to any Due-Process-protected liberty interest. That is essential. When a procedural due process violation is alleged, before deciding if the procedures are adequate, "the Court must determine whether the interest at stake is a protected liberty or property interest under the Fourteenth Amendment." *Puckett v. Lexington-Fayette Urban County Gov't*, 833 F.3d 590, 604 (6th Cir. 2016) (citing *Wojcik*, 257 F.3d at 609). As the magistrate judge correctly observed, the Sixth Circuit and the Supreme Court consistently have held that denial of access to prison privileges, rehabilitation, and

employment programs does not implicate the Due Process Clause. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system."); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("[W]e find that the district court properly dismissed as frivolous Plaintiff's claim that he was fired from his prison job."). It also is settled law in this circuit that, under the State of Michigan's discretionary parole scheme, "[t]here is no 'legitimate claim of entitlement to' parole, and thus no liberty interest in parole." *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011) (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979); *Caldwell v. McNutt*, 158 F. App'x 739 (6th Cir. 2006)). Even if, as Hernandez asserts, he was denied access to a "gate pass" for work assignments, participation in the "dog program," hospice program and college program, permission to attend family funerals, and even if he also ultimately was denied parole, all because of his refusal to comply with requirements imposed as a result of the allegedly improper classification, none of those injuries are cognizable under the Due Process Clause.

*Second*, as the magistrate judge aptly noted, the plaintiff's claims that he was denied a pre-classification hearing are fatally implausible where he positively alleges that he was classified as a sex offender "pursuant to MDOC policies, operating procedures, and administrative rules," because the "PSIR included allegations that he had engaged in sexual misconduct during the course of his crimes." Compl. ¶ 23. He does not allege that any procedural defect infected the rote application of those rules, policies, and procedures, other than the failure to hold a "pre-classification hearing." But the time for such a hearing on the plaintiff's objection to his status was

-8-

at his sentencing, when the plaintiff was permitted by the applicable state rules of court to raise any objections he desired to anything in the PSIR. *See* Mich. Ct. R. 6.425(E)(2) ("If any information in the presentence report is challenged, the court must allow the parties to be heard regarding the challenge, and make a finding with respect to the challenge or determine that a finding is unnecessary because it will not take the challenged information into account in sentencing. If the court finds merit in the challenge or determines that it will not take the challenged information into account in sentencing, it must direct the probation officer to (a) correct or delete the challenged information in the report, whichever is appropriate, and (b) provide defendant's lawyer with an opportunity to review the corrected report before it is sent to the Department of Corrections."). The plaintiff does not allege that he was denied the right to raise objections to the material in the PSIR at his sentencing, or that he asked for a hearing and one was refused. Where the plaintiff, as here, did not take advantage of the opportunity that was available to him for a pre-classification hearing on his "sex offender" status, he cannot later raise the failure to conduct such a hearing as the basis for a denial of procedural due process. *Dubuc v. Twp. of Green Oak*, 406 F. App'x 983, 989 (6th Cir. 2011) ("[T]he Dubucs did not avail themselves of [the opportunity for a hearing or appeal], and they should not be able to now use their inaction against the defendants in claiming a violation of due process.") (citing *Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) ("A party cannot create a due process claim by ignoring established procedures.")).

### 2. Second and Third Objections

Hernandez objects that he adequately alleged that defendants Scott, Gidley, and Washington personally were involved in the denial of his rights, because each of them were aware of the

-9-

wrongful classification and failed to provide a hearing; and his "supervisory liability" claims against these defendants should not be dismissed, because they encouraged the continuing harm by denying his grievances. These objections are without merit.

It is well established that mere knowledge and failure to act do not render a party liable under 42 U.S.C. § 1983. Instead, the plaintiff must show that a defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008). It is not enough to show merely that a defendant knew of unconstitutional conduct and failed to act. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). And the mere denial of grievances does not amount to "encouragement" of any violations sufficient for individual liability to attach to the prison administrators involved in the grievance process. *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("Fischer did not order the takedown, nor do Plaintiffs assert that a course of action selected by Fischer was the moving force behind Burgess' injury. Fischer's after-the-fact approval of the investigation, which did not itself cause or continue a harm against Burgess, was insufficient to establish the *Monell* claim.").

### 3. Fourth Objection

Latsly, Hernandez argues that the magistrate judge erred in concluding that participation in the sex offender program was not a prerequisite for parole, because he has alleged that he was denied parole for refusing the participate in the program. The plaintiff contends that any "consideration" of parole that he receives from the board is meaningless, because "he is always denied parole for not taking the sex offender class and for not admitting to being a sex offender, a crime he has never committed."

For the same reasons discussed above, whether or not the plaintiff was denied parole because of his failure to participate in a program requirement that was imposed as a result of the allegedly improper classification, he cannot make out any viable due process claim where the only result of the asserted procedural defect was denial of discretionary parole.

### III. Conclusion

Hernandez does not challenge the magistrate judge's conclusions that all of the defendants are immune from any suit for money damages under the Eleventh Amendment or the doctrine of absolute quasi-judicial immunity, as it applies to the two parole board members. And he does not cite any authority contrary to the well-established case law holding that he has no due process-congnizable liberty interest in participating in any prison programs or privileges that he was denied, or that, under Michigan's discretionary parole scheme, he has any due process-protected entitlement to receive parole, or to be considered for it. He also has failed plausibly to allege that any of the defendants' conduct caused him to be deprived of a pre-classification hearing, where the applicable state court procedures plainly allowed him one, and he evidently did not take advantage of that procedure.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #26] is **ADOPTED**, and the plaintiff's objections [dkt. #27] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #18] is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for a preliminary injunction [dkt. #22] is **DENIED**.

It is further **ORDERED** that case is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 27, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI